# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA EVERETT, | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. CIV-15-372-FHS |
| PATRICK MURPHY, SECRETARY OF THE ARMY, | ) |
|                 Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 29) in which Defendant argues Plaintiff's claims under the Oklahoma Anti-Discrimination Act ("OADA"), OKLA. STAT. tit. 25, §§ 1101 *et seq* and the Americans with Disabilities Act ("ADA"), 42 U.S. C. § 12101 *et seq*, should be dismissed for lack of subject matter jurisdiction because those claims have been preempted by the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, and/or by Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000 *et seq*. Defendant also asserts Plaintiff's OADA claim is barred by sovereign immunity. Defendant further asserts Plaintiff's claims under Title VII and the Rehabilitation Act should be dismissed with prejudice as time-barred. Finally, Defendant contends, even if Plaintiff's Title VII claims were timely filed in federal court, she has failed to state a claim upon which relief can be granted, and therefore, this Court should dismiss her claims pursuant to Fed.R.Civ.P. 12(b)(6).

On May 5, 2016, Plaintiff filed a response in which Plaintiff states she is "agree[ing] to withdraw her claims only to the extent that they are brought under the OADA and ADA. Plaintiff preserves her disability claim under the Rehabilation Act and gender claim under Title VII." Dkt. No. 32, at p. 2. Plaintiff argues her claim was timely filed and that she has alleged and pled a *prima facie* case of gender discrimination.

To avoid dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555. Nonetheless, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. A dismissal under rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990).

Defendant argues Plaintiff's Title VII and ADA claims are subject to dismissal because Plaintiff has not pled when she actually received the Final Agency Decision (FAD). There is no dispute that a federal employee must file suit within ninety days after receiving a final decision form either his employing agency or from the EEOC. Plaintiff's Complaint alleges she "requested a final agency decision ("FAD") and is

timely filing her civil suit within ninety (90) days of that FAD." Dkt. # 3, at ¶ 5. While the Complaint does not specify the actual date of receipt of the FAD, this Court finds the statement sufficient to overcome defendant's motion to dismiss. If there is factual evidence to establish the suit was not timely filed, defendant can submit such evidence in a motion for summary judgment.

Next, defendant argues the Complaint should be dismissed because Plaintiff has failed to establish a *prima facie* case of discrimination in violation of Title VII. In particular, defendant argues plaintiff has not established that she suffered "an adverse employment action." Plaintiff has pled, however, that her job duties were altered and that she was not allowed to make informed decisions regarding personnel certification and qualification decisions, thereby preventing her from meeting or exceeding the performance goals on her evaluation. This Court finds Plaintiff's Complaint meets the low threshold of a *de minimis* showing required for a *prima facie* case of gender discrimination. *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005). Therefore, the Court **denies** Defendant's Motion to Dismiss (Dkt. No. 29).

It is so ordered on this 26th day of September, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma